**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2021
```

Melwani

_____
                                       Plaintiff(s),

     -against-

Fairfield Processing Corporation et al.

_____
                                       Defendant(s).

CIV. NO. 1:20-cv-09740-GHW-RWL
_____

**Joint Electronic Discovery Submission No. 1___ and [Proposed] Order**

One or more of the parties to this litigation have indicated they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests.  This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action.  The parties and the Court recognize that this Joint Submission and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

1. **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2017 to May 30, 2017"]:**

   This is an action for trademark infringement, false designation of origin, false advertising, and

   trademark dilution under the Lanham Act, 15 U.S.C. § 1501 et seq., as well as common law

   trademark infringement, trademark dilution, and unfair competition.

   a. **Estimated amount of Plaintiff(s)' Claims:**

   ☒ Monetary (absolute number or range):$ 350,000.00
   ☐ Equitable Relief (if so, specify) _____
   ☐ Other (if so, specify) _____

   b. **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

   ☐ Monetary (absolute number or range):$ _____
   ☐ Equitable Relief (if so, specify) _____
   ☒ Other (if so, specify) None currently.

2. **Competence**. Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3. **Meet and Confer**. Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference. Counsel certify that they have met and conferred to discuss these issues.

   Date(s) of parties' meet-and-confer conference(s):

   1/28/2021; 3/26/2021.

**4.      Unresolved Issues**:  The following issues concerning discovery of electronic information remain outstanding and/or require court intervention (check all that apply):

☐ Preservation
☐ Search and Review
☐ Sources of Production
☐ Forms of Production
☐ Identification or Logging of Privileged Material
☐ Inadvertent Production of Privileged Material
☐ Cost Allocation
☒ Other  (specify): None currently.

**5.      Preservation.**

   a.   **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc.  To the extent the parties have reached agreement as to preservation of electronic information, provide details below:**

   The parties have agreed to continue to follow their usual document retention policies except that each side has modified that policy to ensure that where documents relevant to this suit would otherwise be discarded, the usual retention policy has been suspended to ensure that no documents relevant to this dispute are discarded or destroyed.

   b.   **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:**

   The parties have not agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications at this time.

      **c.**    **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:**

              None currently.

**6.**    **Search and Review.**

      **a.**    The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:

              The parties have agreed that electronically stored information will be searched, reviewed and produced utilizing at least keyword search lists, and have agreed to meet and confer on search terms within a reasonable time after the parties' initial discovery requests have been served and before review and production of documents has begun. The parties have further agreed that data stored on back-up and/or disaster recovery systems is not "reasonably accessible because of undue burden or cost" under F.R.C.P. 26(b)(2)(B). The parties agree to meet and confer should any issues arise with respect to methodologies or protocols for the search and review of electronically stored information as discovery progresses.

    **b.**    **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

None at this time.

**7.**    **Production.**

    **a.**    ***Source(s) of Electronically Stored Information.***  **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, etc.]:**

Plaintiff(s):

(i) web sites; (ii) digital documents; and (iii) electronically stored information.

Defendant(s):

The Defendants anticipate that discovery may occur from the following source(s) of electronically stored information: (i) data from company server(s) or computer system(s) (including email); (ii) digital documents (including word processing files, spreadsheets, presentations, image files); and/or (iii) web sites.

b. **_Limitations on Production._** **The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

At this time, the parties have agreed to limit the scope of production by implementing the following parameters: (i) each party will designate a total of five (5) custodians; and (ii) timing of productions is proposed to be on a rolling basis. The parties agree to meet and confer should any issues arise during the review process as to the aforementioned limitations.

c. **_Form(s) of Production._ The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):**

The parties will produce documents in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata as agreed upon by the parties. Excel spreadsheets and other files not easily converted to image format will be produced natively.

d. **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

None currently.

6

9993125v.1

**8. Privileged Material.**

    a. *Identification.* **The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:**

The parties have agreed that privileged materials can be withheld without being logged. The parties have further agreed that where it is practical to redact a privileged portion of an otherwise non-privileged document the parties shall endeavor in good faith to do so.

    b. *Inadvertent Production / Claw-Back Agreements.* **Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

The parties have agreed to meet and confer regarding a claw-back agreement pursuant to F.R.C.P. 26(b)(5) and F.R.E. 502(e) and will submit a proposed Order regarding the same to the Court for its consideration.

    c. **The parties have discussed a 502(d) Order.   Yes  X ; No __ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

    d. **The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:**

None currently.

9. **Cost of Production.**

   a. ***Costs:*** **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information. The factors and components underlying these costs are estimated as follows:**

   Plaintiff(s):

   Plaintiff estimates the costs to be minimal.

   Defendant(s):

   The Defendants have been advised in general regarding the significant anticipated costs associated with electronically stored information. At this juncture, it is premature to have identified specific volumes of likely discoverable electronically stored information, nor have Defendants yet engaged electronic discovery vendors.

   b. ***Cost Allocation.*** **The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

   The parties have agreed that each party shall bear their own costs related to production of electronically stored information at this time without prejudice to seeking later reimbursement to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, and within the Court's discretion.

    c.    ***Cost Savings.*** **The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

        The parties have discussed cost-saving measures and agree that such measures are not necessary at this time.

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

        None currently.

**10.**    **Other Issues, if any.**

    None currently.

9993125v.1

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Prakash Melwani, Plaintiff        By: Prakash Melwani
Party: Fairfield Processing Corporation, Defendant   By: Steven M. Coyle
Party: Roy Young, Defendant              By: Steven M. Coyle
Party: Jordan Young, Defendant           By: Steven M. Coyle
Party: _____           By: _____
Party: _____           By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on within thirty (30) days_____.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____.

Additional conferences, or written status reports, shall be set for every ___ weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. A joint agenda should be submitted to the Court three (3) business days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court no less than 48 hours

9993125v.1

in advance of the scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Dated: __March 29_____, 20_21_         SO ORDERED:

_____
United States Magistrate Judge

9993125v.1